Eliezer Lekht (330192021)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
Fax: (212) 216-8001
E-mail: elekht@tarterkrinsky.com

*Attorneys for Defendants BRIGGS HIGHWAY ADVISORS IA, LLC, and JONATHAN MALIANS*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRIGGS HIGHWAY ADVISORS IA, LLC, and JONATHAN MALIANS, <br><br> Defendants. | Civil Action No. 2:23-cv-20365-MCA-LDW <br><br> <u>Assigned to</u>: <br> Judge: Madeline Cox Arleo <br> Magistrate Judge: Leda D. Wettre <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS BRIGGS HIGHWAY ADVISORS IA, LLC, and JONATHAN MALIANS
<u>ANSWER AND AFIRMATIVE DEFENSES</u>**

Briggs Highway Advisors IA, LLC ("Briggs"), and Jonathan Malinas ("Malinas") (collectively "Defendants"), through their counsel, hereby respond to the Complaint, dated September 14, 2023 (ECF No. 1, "Complaint"). In response to all paragraphs of the Complaint, Defendants deny each and every allegation except as expressly admitted herein. Defendants respond specifically to Days Inns Worldwide, Inc.'s ("Plaintiff") averments as follows:

**<u>NATURE OF THE ACTION</u>**

1. Defendants deny the allegations of paragraph "1" of the Complaint in that it presently

lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

2. Defendants admit that Briggs is a limited liability company organized and existing under the State of Iowa. Defendants deny the remainder of the allegations of paragraph "2" of the Complaint.

3. Defendants admit that Jonathan Malinas ("Malinas") is a member of Briggs. Defendants deny the remainder of the allegations of paragraph "3" of the Complaint.

4. Admit.

5. Defendants admit that Plaintiff and Defendant are citizens of different states. Paragraph "5" of the Complaint states a legal conclusion to which no response is required.

6. Defendants state that the Franchise Agreement speaks for itself. For the purposes of this case only, Defendants do not oppose jurisdiction.

7. Defendants state the terms of the Guaranty speak for themselves. For the purposes of this case only, Defendants do not oppose jurisdiction.

8. Defendants state that the Franchise Agreement speaks for itself. For the purposes of this case only, Defendants do not oppose venue.

## THE AGREEMENT BETWEEN THE PARTIES

9. Defendants state that the Franchise Agreement speaks for itself.

10. Defendants state that the SynXis Subscription Agreement speaks for itself. Defendants deny the remaining allegations in paragraph "10" of the Complaint.

11. Defendants state that the Franchise Agreement speaks for itself. Defendants deny the allegations in paragraph "11" of the Complaint.

12. Defendants state that the Franchise and SynXis Agreements speak for themselves.

13. Defendants state that the Franchise Agreement speaks for itself.

091172\1\170475125.v1

14. Defendants state that the Franchise Agreement speaks for itself.

15. Defendants state that the Franchise Agreement speaks for itself.

16. Defendants state that the Franchise Agreement speaks for itself.

17. Defendants state that the Franchise Agreement speaks for itself.

18. Defendants state that the Franchise Agreement speaks for itself.

19. Defendants state that the Guaranty speaks for itself.

20. Defendants state that the Guaranty speaks for itself.

21. Defendants state that the Guaranty speaks for itself.

## Defendants' Termination of the Franchise Agreement

22. Defendants state that the letter dated December 14, 2021, speaks for itself.

23. Defendants state that the letter dated January 12, 2022, speaks for itself.

24. Defendants state that the letter dated January 14, 2022, speaks for itself.

25. Defendants state that the letter dated February 9, 2022, speaks for itself.

26. Defendants state that the letter dated April 21, 2022, speaks for itself.

27. Defendants state that the letter dated June 21, 2022, speaks for itself.

28. Defendants deny the allegations contained in paragraph "28" of the complaint.

## FIRST COUNT

29. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 29 of the Complaint herein with the same force and effect as though set forth at length

30. Defendants deny the allegations of paragraph "30" of the Complaint.

31. Defendants deny the allegations of paragraph "31" of the Complaint.

32. Defendants deny the allegations of paragraph "32" of the Complaint.

091172\1\170475125.v1

## SECOND COUNT

33. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 33 of the Complaint herein with the same force and effect as though set forth at length.

34. Defendants deny the allegations of paragraph "34" of the Complaint.

35. Defendants deny the allegations of paragraph "35" of the Complaint.

36. Defendants deny the allegations of paragraph "36" of the Complaint.

37. Defendants deny the allegations of paragraph "37" of the Complaint.

38. Defendants deny the allegations of paragraph "38" of the Complaint.

## THIRD COUNT

39. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 39 of the Complaint herein with the same force and effect as though set forth at length.

40. Defendants deny the allegations of paragraph "40" of the Complaint.

41. Defendants deny the allegations of paragraph "41" of the Complaint.

42. Defendants deny the allegations of paragraph "42" of the Complaint.

## FOURTH COUNT

43. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 43 of the Complaint herein with the same force and effect as though set forth at length.

44. Defendants deny the allegations of paragraph "44" of the Complaint.

45. Defendants deny the allegations of paragraph "45" of the Complaint.

46. Defendants deny the allegations of paragraph "46" of the Complaint.

## FIFTH COUNT

47. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 47 of the Complaint herein with the same force and effect as though set forth at length.

48. Defendants deny the allegations of paragraph "48" of the Complaint.

49. Defendants deny the allegations of paragraph "49" of the Complaint.

50. Defendants deny the allegations of paragraph "50" of the Complaint.

## SIXTH COUNT

51. Defendants repeat and reiterate each and every one of the foregoing answers in response to the allegations made in paragraph 51 of the Complaint herein with the same force and effect as though set forth at length.

52. Defendants deny the allegations of paragraph "52" of the Complaint.

53. Defendants deny the allegations of paragraph "53" of the Complaint.

54. Defendants deny the allegations of paragraph "54" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiff's claims are barred by their own unlawful conduct, including but not limited to, delaying the termination of the Franchise Agreement.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by waiver, estoppel, laches, consent, abandonment, acquiescence, and/or ratification.

### THIRD AFFIRMATIVE DEFENSE

The damages sought in this matter are contractually or legally barred or limited.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

The purported damage sustained by the Plaintiff was not caused by any alleged action, omission, or conduct of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared by latches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are bared by promissory estoppel.

Defendants reserve the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

### DEMAND FOR JURY TRIAL

Defendants hereby request a jury trial for all issues triable by jury.

091172\1\170475125.v1

                                                Respectfully submitted,

Dated: December 20, 2023          By: *s/ Eliezer Lekht*

                                                TARTER KRINSKY & DROGIN LLP
                                                Eliezer Lekht (Bar No. 330192021)
                                                1350 Broadway
                                                New York, NY 10018
                                                Tel.:    (212) 216-8000
                                                Fax:    (212) 216-8001
                                                E-mail:   elekht@tarterkrinsky.com

                                                *Attorneys for Defendants Briggs and Malinas*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, the foregoing document entitled **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**, was filed with the Clerk of Court by using the Court's CM/ECF system, which will cause such documents to be service on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

>BRYAN PAUL COUCH
>CONNELL FOLEY LLP
>ONE NEWARK CENTER
>1085 RAYMOND BOULEVARD
>19TH FLOOR
>NEWARK, NJ 07102
>973 436 5800
>Fax: 973 436 5801
>Email: bcouch@connellfoley.com
>
>WILLIAM C. GATTONI , JR.
>CONNELL FOLEY
>ONE NEWARK CENTER
>1085 RAYMOND BLVD, 19TH FLOOR
>NEWARK, NJ 07102
>973-436-5800
>Email: wgattoni@connellfoley.com

*s/ Eliezer Lekht*