**CONNELL FOLEY**
A TRADITION OF LEGAL EXCELLENCE SINCE 1938

Connell Foley LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
P 973.436.5800   F 973.436.5801

Bryan P. Couch, Partner
bcouch@connellfoley.com
Direct Dial 973.436.5703

September 6, 2024

**VIA ECF**
The Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: **Days Inns Worldwide, Inc. v. Briggs Highway Advisors, IA, LLC, et al.**
     **Civil Action No.: 2:23-cv-20365-MCA-LDW**
     **Our File: DIW 13109**

Dear Judge Wettre:

This firm represents plaintiff, Days Inns Worldwide, Inc. ("DIW"), with regard to the above-referenced matter. Pursuant to Your Honor's August 7, 2024 Text Order, please allow this to serve as RWI's response to Defendants', Briggs Highway Advisors, IA, LLC ("Briggs"), and Jonathan Malinas (collectively, "Defendants"), request for leave to file an Amended Answer with Counterclaims.

A court may deny a motion to amend on grounds including unfair prejudice[1], futility, and undue delay. Phillips v. Borough of Keyport, 179 F.R.D. 140, 144 (D.N.J. 1998), citing Foman v.

---

[1] As an initial matter, DIW filed its Complaint in September 2023. Pursuant to Your Honor's Pre-Trial Scheduling Order (Dkt. 11), any requests for leave to file a motion to amend pleadings was to be filed no later than June 1, 2024. Defendants' counsel did not do so until over two (2) months later, on August 6, 2024. There was no reason for Defendants' delay in filing this request and allowing this request would unfairly prejudice DIW as this case continues to stall, highlighted by Defendants' counsel's repeated failure to respond to DIW's discovery deficiency letter.

The Honorable Leda Dunn Wettre, U.S.M.J.
September 6, 2024
Page 2

Davis, 371 U.S. 178, 182 (1962). When determining whether a motion for leave to amend under Rule 15(a) would be futile, the standard is identical to that utilized in the Rule 12(b)(6) analysis. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 232 (3d Cir. 2011) (holding that "[f]utility of an amended complaint is reviewed under the same standard of legal sufficiency as applies under" Rule 12(b)(6).); see also Am. Corporate Soc'y v. Valley Forge Ins. Co., 424 F. App'x 86, 90 (3d Cir. 2011) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant."). Allowing Defendants to file an Amended Answer with Counterclaims would be futile.

Here, Defendants seek leave to assert a counterclaim alleging that DIW breached the Franchise Agreement. The factual basis for Defendants' claim relates to DIW's alleged failure to provide training, marketing of the guest lodging facility at issue, and access to DIW's central reservation system. As set forth in more detail below, this Counterclaim cannot withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and is therefore futile.

On or about June 2, 2021, Defendants entered into a payment plan (the "Payment Plan") with DIW resulting from Defendants' failure to meet their payment obligations under the Franchise Agreement. As part of the Payment Plan, Defendants released DIW from all causes of action between the parties related to the Franchise Agreement and/or the Facility, which arose or could have been asserted before the execution of the Payment Plan. Therefore, Defendants released any claims against DIW prior to June 2, 2021, and any proposed breach of contract claims premised on alleged conduct that occurred prior to said date by Defendants are futile.

The Honorable Leda Dunn Wettre, U.S.M.J.
September 6, 2024
Page 3

Separate and apart from the release, the express language of the Franchise Agreement renders Defendants' proposed Counterclaim futile. As to the marketing claim, DIW is not obligated to directly market the guest lodging facility at issue. Indeed, section 4.3.1 of the Franchise Agreement provides DIW with full discretion in the nature, type, and allocation of marketing activities and further states, "[w]e do not promise that the Facility or [Briggs] will benefit directly or proportionately from marketing activities." (DKT 1, Page ID: 22). As to the reservation claim, Defendants complain that DIW "suspended the reservation system on numerous occasions." (DKT 16-1, Page ID: 193). Yet, pursuant to section 11.4 of the Franchise Agreement. DIW "may suspend the Facility from the reservation System for any default or failure to pay or perform under [the Franchise Agreement]." (DKT 1, Page ID: 30).

The only allegations in Defendants' proposed Counterclaims that occurred after the release on June 2, 2021 are paragraphs 27-31 which pertain to Defendants' alleged attempts to terminate the Franchise Agreement. As explicitly set forth under section 5 of the Franchise Agreement, Defendants agreed to operate the facility as a Days Inn® for a fifteen-year term. The Franchise Agreement was executed by the parties on August 8, 2018. As this was well under the fifteen-year term, Defendants did not have the right to terminate the Franchise Agreement. Additionally, Defendants continued to operate the Facility as a Days Inn® guest lodging facility after their alleged attempts to terminate the Franchise Agreement. As such, Defendants were required to continue to pay Recurring Fees to DIW up and through the effective date of termination. Based on the foregoing, Defendants' request for leave to amend their answer to assert its proposed Counterclaim must be denied.

The Honorable Leda Dunn Wettre, U.S.M.J.
September 6, 2024
Page 4

In closing, while DIW understands the liberal standard governing motions to amend, the proposed pleading would be the subject of a Motion to Dismiss if permitted. Thus, the futility of the proposed pleading should be determined at this juncture, if the Court grants leave for Defendants to file its proposed Motion to Amend. Finally, regardless of the outcome of Defendants' Motion to Amend, DIW asks that the current discovery deadline be extended through October 31, 2024 to allow the parties time to complete depositions.

We thank Your Honor for your attention to this matter.

                                               Respectfully submitted,
                                               **Connell Foley LLP**

                         By:___*/s/ Bryan Couch*_____
                                  Bryan P. Couch
                                  Attorneys for Plaintiff,
                                  Days Inns Worldwide, Inc.